MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile: (415) 436-7234
    E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> CHARLES HOLLINS, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 11-0746 SI <br><br> GOVERNMENT'S SENTENCING REPLY <br><br> Sentencing Date: February 22, 2012 <br> at 11 a.m. |

       On October 11, 2011, a grand jury returned an indictment charging defendant with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1); and Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1), respectively.

       On August 3, 2012, defendant pled guilty to Felon in Possession of a Firearm and Ammunition. In the plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that the base offense level is 24 under U.S.S.G. § 2K2.1(a)(2) with a 3-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 21. Defendant admitted to the factual basis for the § 922(g)(1) offense, but made no admissions with respect to the drugs. The government agreed to move to dismiss any open charges pending against the defendant at the time of sentencing, *i.e.*, the drug charge. In the binding plea agreement, the parties agreed that a reasonable and appropriate sentence under the Sentencing Guidelines and 18

U.S.C. § 3553(a) is 70 months in prison, three years of supervised release with conditions to be fixed by the Court, including an expanded search clause, and a $100 special assessment.

In the pre-sentence report, the Office of Probation has applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies to defendants who "used or possessed any firearm or ammunition in connection with another felony offense." The Office of Probation has further determined that defendant's Criminal History Category is VI. The Office of Probation has concluded that, based upon its calculation that the total offense level is 25 (rather than 21), the applicable guideline imprisonment range is 110 to 137 months in prison. The Office of Probation recommends a prison term of 110 months.

In his sentencing memorandum, the defendant objects to the four-level enhancement applied by the Office of Probation on the ground that the drug charge has "neither been admitted nor proven" (Defendant's Sentencing Memorandum, p. 4). Thus, defendant argues that, at an adjusted offense level of 21, and Criminal History Category VI (which is not disputed), the applicable guideline range is 77 to 96 months of imprisonment. Under 18 U.S.C. § 3553(a), defendant seeks a prison term of 70 months consistent with the binding plea agreement.

The United States likewise recommends that the defendant be sentenced to 70 months in prison consistent with the plea agreement.

## **CONCLUSION**

The United States respectfully submit that defendant should be sentenced to 70 months in prison, three years of supervised release with conditions to be fixed by the Court, including an expanded search clause, and a $100 special assessment consistent with the plea agreement.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: February 19, 2013              _____/s/_____
                                      DEBORAH R. DOUGLAS
                                      Assistant United States Attorney